UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE MARTHA,

Plaintiff,

v.

HYUNDAI MOTOR AMERICA, et al.,

Defendants.

Case No. 2:26-cv-02585-DAD-CSK (PS)

ORDER AND FINDINGS & RECOMMENDATIONS

(ECF Nos. 1, 2, 3)

Pending before the Court is Plaintiff George Martha's application to proceed in forma pauperis ("IFP") and motion for preliminary injunctive relief.[1] (ECF Nos. 2, 3.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motions upon the record and briefs on file.

For the reasons that follow, the Court GRANTS Plaintiff's application to proceed IFP and DISMISSES Plaintiff's Complaint with leave to amend. Further, the Court recommends DENYING Plaintiff's motion for a preliminary injunction.

## I. PLAINTIFF'S APPLICATION FOR IFP

Plaintiff seeks leave to proceed IFP pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Plaintiff's application in support of the IFP request makes the required financial showing.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

Accordingly, the Court grants Plaintiff's IFP request.

## II. SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

## III. THE COMPLAINT

The 63-page Complaint's allegations are entirely handwritten and difficult to discern. It appears Plaintiff brings this action against Jose Munoz and Randy Parker, who Plaintiff alleges are CEOs for Hyundai Motor America or its affiliates or subsidiaries in Dallas, Texas and Stockton, California. Compl. at 1-2 (ECF No. 1). Plaintiff asserts claims for "Pradatoral [sic] lending," "aiding and abeting [sic]," and "fraud felony charges against Stockton Hyundai." *Id.* at 2. As best as the Court can tell, Plaintiff alleges that he was fraudulently deceived into accepting an auto loan by the Stockton Hyundai dealership, which took advantage of his mental incapacity. *See id.* at 9, 14, 26, 44. Plaintiff seeks $5 million in damages for his "civil discrimination lawsuit." *Id.* at 3.

## IV. DISCUSSION

### A. Federal Rule of Civil Procedure 8

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. The Complaint is 63 pages long and consists of a rambling narrative with vague and conclusory assertions of civil and criminal violations, rendering it difficult to ascertain what the claims and who the defendants are. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996).

To the extent Plaintiff is attempting to allege a fraud claim, the elements for a general fraud cause of action under California law are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (citing *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (1997)). Here, the Complaint does not contain a short and plain statement of facts supporting a cognizable fraud claim against any defendants.

To the extent Plaintiff is attempting to allege aiding-and-abetting liability, "a

defendant may be held liable for ‘aiding and abetting’ at tort when the defendant: (1) had knowledge that a tort was being or was going to be committed; (2) gave substantial assistance or encouragement to the tortfeasor; and (3) the assistance or encouragement was a substantial factor in causing harm to the plaintiff.” *Est. of Mann v. Cnty. of Stanislaus*, 2023 WL 1110372, at *10 (E.D. Cal. Jan. 30, 2023). Here, the Complaint does not contain a short and plain statement of facts supporting a cognizable claim against any defendants for aiding and abetting a separate tort.

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The Complaint therefore fails to state a claim on which relief may be granted and is subject to dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where “one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery”).

**B. Leave to Amend**

In light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could allege additional facts to state a claim, the Court finds it appropriate to grant Plaintiff an opportunity to amend the FAC. *See Lopez*, 203 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure – if it appears at all possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited “to a single set of circumstances” where possible. See Fed. R. Civ. P. 10(b). Forms are available to help

plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was “literally guessing as to what facts support the legal claims being asserted against certain defendants”). The amended complaint must not require the Court to spend its time “preparing the ‘short and plain statement’ which Rule 8 obligated plaintiffs to submit.” *Id.* at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines “to determine who is being sued for what.” *Id.* at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

**C. Motion for Preliminary Injunction**

Plaintiff’s motion for a preliminary injunction seeks relief in the form of freezing Plaintiff’s monthly payments toward “Hyundai Motor America Finance Dallas Texas.” Pl. Mot. at 1 (ECF No. 3).

Procedurally, a federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one “becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend”).

Until defendants have been served with process, this Court lacks personal

jurisdiction over them, and may not grant the injunctive relief Plaintiff seeks. *See* Fed. R. Civ. P. 65(d)(2); *Murphy Bros, Inc.*, 526 U.S. at 350.

Further, because the Court dismisses the Complaint with leave to amend, there is presently no operative complaint to this action. Accordingly, the Court recommends Plaintiff's motion for a preliminary injunction be denied without prejudice. *See Carnero v. Elk Grove Financial*, 2017 WL 1315575, at *4 (N.D. Cal. Apr. 6, 2017) (denying a temporary restraining order where there was no operative complaint).

## V. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED with leave to amend; and
3. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

Further, based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion for a preliminary injunction (ECF No. 3) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 30, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, mart.2585.26